**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEYWUAN MELVIN, | |
| **Plaintiff,** | |
| v. | **Case No. 3:26-cv-00197-SPM** |
| CORRECTIONAL OFFICER TOLIVER, CORRECTIONAL OFFICER NARSH, CORRECTIONAL OFFICER GERMAK, and SERGEANT HINKLE, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Keywuan Melvin, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT[1]

Plaintiff alleges the following: On June 27, 2025, he was on crisis watch when Correction Officers Narsh and Germak escorted him to the shower. (Doc. 1, p. 6).  After showering, Correctional Officer Toliver came to escort Plaintiff back to his cell. (*Id.*). Plaintiff requested a new smock because his was dirty. (*Id.*). Toliver then left Plaintiff to retrieve a clean smock as requested. After Toliver left, Plaintiff found a plastic garbage bag on the floor of the shower, picked it up, and folded it over once. (*Id.* at p. 6-7). Correction Officer Toliver returned with the clean smock, cuffed Plaintiff from behind, put shackles on him, and walked him back to his cell. (*Id.* at p. 7). Toliver did not comment on or attempt to take the plastic bag from Plaintiff, either because he did not care or did not see the plastic bag. (*Id.*).

Shortly after Plaintiff returned to his cell, he put the plastic bag over his head and tied it with a shoelace in an attempt on his life. (Doc. 1, p. 7). An inmate worker cleaning the cell saw Plaintiff on the floor and yelled for help. (*Id.*). Sergeant Hinkle arrived at the cell and pepper-sprayed Plaintiff upon discovery of him with the plastic bag over his head, exacerbating Plaintiff's difficulty breathing. (*Id.*). Hinkle yelled for Plaintiff to "cuff to fuck up." (*Id.*). Despite repeatedly falling, Plaintiff was eventually able to stand up and submit to being handcuffed. (*Id.*). Plaintiff received medical care directly after the incident, but did not receive follow-up physical or mental healthcare, despite Plaintiff asking for such and telling officers and nurses his face

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass,* 886 F.3d 639, 644 (7th Cir. 2018).

hurt and that it was hard to breathe. (*Id.*). Plaintiff threatened to attempt suicide again since staff "do not do their jobs" and do not conduct their scheduled "walks" through crisis watch. (*Id.*).  Due to seeing how easy it would be to commit suicide, and because of the lack of mental healthcare, the incident on June 27, 2025, made Plaintiff want to kill himself even more than previously. (*Id.*).

## PRELIMINARY DISMISSAL

The Court dismisses any claims Plaintiff is attempting to bring for the denial of medical care following his attempt to self-harm and the use of excessive force by Hinkle. These claims are only associated with a nurse and unidentified staff members, who are not listed as defendants. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Germak, Narsh, and Toliver for deliberate indifference to and failure to protect Plaintiff from his risk of self-harm and suicide on June 27, 2025.

**Count 2:** Eighth Amendment claim against Hinkle for the use of excessive force by pepper spraying Plaintiff on June 27, 2025.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order**

**should be considered dismissed without prejudice as inadequately pled under the *Twombly²* pleading standard**.

### Count 1

Plaintiff fails to sufficiently state an Eighth Amendment claim against Germak, Narsh, and Toliver for deliberate indifference.

Deliberate indifference occurs when a prison official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To constitute a Section 1983 claim under the Eighth Amendment, the harm that befell the prisoner must be objectively, sufficiently serious, and a substantial risk to his or her health or safety. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Suicide, attempted suicide, and other acts of self-harm pose a "serious" risk to an inmate's health and safety and may provide the foundation for deliberate indifference to medical needs and failure to protect claims. *See Collins,* 462 F.3d at 761 (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)). Therefore, Plaintiff satisfies the objective aspect of deliberate indifference.

Where the harm at issue is a suicide or attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk." *Collins*, 462 F.3d at 761 (citations omitted). In order to be liable for an inmate's self-harm, "a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to

---

² *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

take reasonable steps to prevent the inmate from performing this act." *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (quoting T*urbin v. Cnty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000)).

Mere negligence on the part of a prison official does not equate to a constitutional violation of deliberate indifference. *See Davidson v. Cannon,* 474 U.S. 344, 347 (1986); *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Tackett v. Dauss*, 132 F.4th 1026, 1030 (7th Cir. 2025)). Rather, deliberate indifference describes a state of mind more blameworthy than negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Inattentiveness to prisoner safety violates the Eighth Amendment only if prison officials have actual knowledge of impending harm. *Stanciel v. Roszak*, No. 88 C 5059, 1989 U.S. Dist. LEXIS 11029, at *9 (N.D. Ill. Sep. 15, 1989) (citing *Duckworth v. Franzen,* 780 F.2d 645, 653 (7th Cir. 1985)). Therefore, a "plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016).

Here, Plaintiff merely alleges that Germak, Narsh, and Toliver failed to notice the plastic bag that was left in the shower. He fails to allege anything to indicate that Germak, Narsh, or Toliver were even aware of the presence of the plastic bag, let alone that Plaintiff had taken it into his possession. Plaintiff does not allege any conversation or interaction that would allude to the correction officers' actual knowledge of an imminent risk of self-harm. Thus, the alleged conduct amounts to

negligence because nothing in the complaint suggests that Defendants had actual knowledge of, and intentionally disregarded, a sustainable risk of suicide.

Therefore, Plaintiff fails to state a claim of deliberate indifference against Germak, Narsh, and Toliver.

### Count 2

Plaintiff has sufficiently stated a claim of excessive force against Hinkle. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff claims that Hinkle deployed pepper spray while he was experiencing difficulty breathing and was subdued. (Doc. 1, p. 7). This could reasonably show that Hinkle did not apply force in a good-faith effort, as Plaintiff was already subdued and in distress when said force was applied.

### INJUNCTIVE RELIEF

Because the Complaint includes a request for injunctive relief, the current warden of Lawrence Correctional Center, Jeremiah Brown, in his official capacity, will be added to the docket regarding the request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED without prejudice** as to

Toliver, Germak, and Narsh. **COUNT 2** will proceed against Hinkle. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Lawrence Correctional Center, Jeremiah Brown, in his official capacity, to the docket for purposes of Plaintiff's request for injunctive relief. Because there are no surviving claims against Toliver, Germak, and Narsh, the Clerk shall terminate them as parties on the docket.

The Clerk of the Court shall prepare for Hinkle and Brown (official capacity only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C.

§ 1997e(g). **Pursuant to Local Rule 8.2, Defendants only need to respond to the issues stated in this Merit Review Order.**

Because this suit includes allegations of mental and physical harm, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.